## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. NATASHA M. RAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13- |
| | ) | |
| 1. CARTER COUNTY LODGING LLC, | ) | |
| d/b/a HOLIDAY INN d/b/a SPORTING | ) | |
| NEWS GRILL | ) | |
| | ) | |
| | ) | |
| 2. ROBERT M. GOFF & ASSOCIATES | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| Defendants. | ) | |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges:

### PARTIES

1.  The Plaintiff is Natasha M. Raynor, a female residing in Carter County, Oklahoma.

2.  The Defendants are:

    A.  Carter County Lodging LLC, an Arkansas company doing business in Carter County, Oklahoma doing business as a Holiday Inn and as the Sporting News Grill.

    B.  Robert M. Goff & Associates, an Arkansas company doing business in Carter County, Oklahoma, and which, with Carter County Lodging LLC, constitutes an integrated enterprise.

### JURISDICTION AND VENUE

3.  Plaintiff's claims are for a hostile work environment culminating in a constructive discharge. Such conduct is prohibited by Title VII of the Civil Rights Act of 1964. This Court has jurisdiction over the federal claims under 42 U.S.C. §2000e-5(f)(1) and 28 U.S.C.§1331.

4.  All of the actions complained of occurred in Carter County, Oklahoma, and the Defendant may be served in that county. Under 42 U.S.C. § 2000e-5(f)(3) venue is appropriate in the Western District of Oklahoma and the Western District is a more convenient forum for the

1

Plaintiff in that it is more accessible for the parties and Plaintiff is at least eighty miles closer to the federal court in Oklahoma City, Oklahoma than the federal court in Muskogee, Oklahoma.

## STATEMENT OF FACTS

5.    Defendant Carter County Lodging LLC is identified as Plaintiff's employer on the Plaintiff's W-2 forms.  Plaintiff's employee handbook identifies the controlling entity as Robert M. Goff & Associates (hereafter "Goff").  To Plaintiff's understanding, Goff controls, operates and makes personnel decisions for Carter County Lodging LLC such that the two nominal distinct entities, although referred to as "Defendants", are operating as a single, integrated enterprise.

6.    The Defendants employed fifteen (15) or more employees during at least twenty or more weeks in the years prior to, during and after Plaintiff's separation from employment.

7.    Plaintiff is a female who worked from approximately October 4, 2011 through the date of her constructive discharge on or about March 19, 2012.

8.    Plaintiff was supervised by a male– Richard Mason– who was a manager of the operations in Ardmore and who had hiring and firing authority.

9.    At the beginning of Plaintiff's employment, Mr. Mason would make comments referring to Plaintiff's dress and appearance and by December, 2011, this escalated to the point where Mr. Mason was making sexual comments, touching (including pressing his penis against Plaintiff's backside) on a consistent basis.  Such comments and touching took place virtually every day that Plaintiff worked if Mr. Mason was present, and Mr. Mason was present most of those days.  The comments and conduct would continue throughout the day and sometimes in the presence of co-workers and customers which made the conduct more offensive and humiliating.

10.    Such comments and conduct were unwelcome and offended the Plaintiff.  Plaintiff told Mr. Mason to stop the conduct, but he continued with his behavior.

11.   Such comments and conduct were objectively offensive and co-workers of the Plaintiff stated that the conduct was inappropriate and told Mr. Mason to stop, but without effect.

12.   Such comments and conduct were sufficiently pervasive and severe that it adversely affected the Plaintiff's work environment.  Plaintiff was uncomfortable and apprehensive about coming into work and would have quit but for being a single mother supporting herself and her child.

13.   Plaintiff complained about such comments and asked for relief in the form of stopping the conduct and transferring Plaintiff to a position where she would be away from Mr. Mason. Plaintiff complained to Veronica Taylor (head server),  around Dec. 2011.  To Plaintiff's understanding, Ms. Taylor went to Cynthia Moyer (the manager) and relayed this complaint but nothing happened.  Plaintiff complained directly to Ms. Moyer approximately three times from January or February 2012 through March 2012, however Ms. Moyer was unconcerned about the complaint and took no corrective action.

14.   On or about March 19, 2012, Mr. Mason intentionally dropped a penny down the front of Plaintiff's blouse and then reached inside Plaintiff's blouse to retrieve the penny, making offensive and unwelcome contact with Plaintiff's breasts.

15.   Because Defendants took no remedial action despite Plaintiff's repeated complaints, and because of the last incident which involved touching of sensitive and private area, Plaintiff was unsafe in her work environment and had no choice but to resign.  Such actions constituted a constructive discharge.

16.   As the direct result of the Defendants' actions and inactions, Plaintiff has suffered lost earnings, past, present and future, dignitary harm including embarrassment, humiliation, anxiety, stress, work and other similar emotions for which she is entitled to compensation.

17.   Because the actions of the Defendants were in willful, intentional or, at the least, reckless disregard of Plaintiff's state and federally protected rights, Plaintiff is entitled to an award of punitive damages as provided by law.

18.    Plaintiff timely filed a charge of discrimination on or about June 14, 2012.  More than one hundred and eighty (180) days have passed since the filing of that charge and Plaintiff has requested that the EEOC issue a right-to-sue letter.  By such means Plaintiff has exhausted all administrative prerequisites to filing this action.

**WHEREFORE,** Plaintiff prays that she be granted judgment in her favor and against the Defendants on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF AUGUST, 2013.**

s/ Christine E. Coleman
Mark Hammons, OBA #3784
Christine E. Coleman, OBA # 30527
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Phone: (405) 235-6100
Facsimile: (405) 235-6111
*Counsel for Plaintiff*
Jury Trial Demanded/
Attorney Lien Claimed

4